UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER JACKSON,

        Petitioner,

                                    Case Number: 2:14-cv-14291

v.

                                    Honorable Patrick J. Duggan

KENNETH ROMANOWSKI,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Christopher Jackson ("Petitioner"), a Michigan Department of Corrections prisoner confined at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2012, a jury in the Wayne County Circuit Court found Petitioner guilty of a firearm causing death, Michigan Compiled Laws § 752.861, felony-firearm (third offense), Michigan Compiled Laws § 750.227b, and felon in possession of a firearm, Michigan Compiled Laws § 750.224f. Petitioner challenges his convictions on the grounds that he was denied a fair trial when the trial court permitted evidence that he was on parole at the time of the offense and that the trial court erred in *sua sponte* instructing the jury on the uncharged cognate

lesser offense of negligent discharge of a firearm. The Court concludes that Petitioner is not entitled to the issuance of the writ of habeas corpus. Accordingly, the Court denies the petition and declines to issue a certificate of appealability.

## I. Background

Petitioner's convictions arise from the shooting death of Felicia Bargan. The Michigan Court of Appeals provided a summary of the facts adduced at trial leading to Petitioner's convictions:

> This case arises from a shooting death that took place on March 7, 2012, in Detroit. The decedent was shot in the head. At issue at trial was whether the gun accidentally discharged or whether defendant, who was dating the decedent's sister, Cassondra Thompson, purposefully shot decedent. At trial, Thompson testified that defendant held a gun to the decedent's head and fired it on purpose. In his statement to police, defendant admitted that he and Thompson struggled over control of the gun and that it accidentally discharged. The autopsy revealed that the gun could not have been held directly against the victim's head. Instead, it was "at the edge of close range."

*People v. Jackson*, No. 314007, 2015 WL 1510152, at *1 (Mich. Ct. App. Apr. 15, 2014) (unpublished) (per curiam).

## II. Procedural History

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of negligent discharge of a firearm causing death, felony firearm (third offense), and felon in possession of a firearm. He was acquitted of second-degree murder, kidnapping, and felonious assault. On August 17, 2012, he was sentenced

2

as a fourth habitual offender to time served for the negligent discharge of a firearm conviction, six to ten years of imprisonment for the felon-in-possession conviction, and ten years of imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising these claims: (i) the trial court abused its discretion when it allowed Petitioner's status as a parolee to be twice referenced; and (ii) the trial court erred in instructing the jury on negligent discharge of a firearm, a cognate lesser offense of second-degree murder. The Michigan Court of Appeals affirmed Petitioner's convictions. *Jackson,* No. 314007, 2015 WL 1510152.

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal.

Petitioner then filed the pending habeas petition. He raises the same claims raised on direct review in state court.

### III. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 408, 120 S. Ct. at 1521. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411, 120 S. Ct. at 1522.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041

(2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7, 117 S. Ct. 2059, 2066 n.7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S. Ct. 357, 360 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101, 131 S. Ct. 770, 786 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102, 131 S. Ct. at 786. Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." *Id.*

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could

5

disagree that the state court's decision conflicts with" Supreme Court precedent. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781, 2796 n.5 (1979)) (Stevens, J., concurring)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103, 131 S. Ct. at 786-87.

Additionally, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, – U.S. –, 131 S.Ct. 1388, 1398 (2011).

## IV.  Discussion

### A.  Evidence of Petitioner's Parole Status

In his first habeas claim, Petitioner argues that his right to a fair trial was

violated by the introduction of evidence that he was on parole at the time of the shooting. First, the jury was shown a videotape of the police interrogation of Petitioner during which he states, "I'm on parole." (8/15/12 Trial Tr. 6.) Second, after the parties questioned the victim's sister, Cassondra Thompson, the court asked her several questions, including why Petitioner was not supposed to handle a gun. Thompson replied, "Because he was on parole." (*Id.* at 108.)

"'[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" *Ege v. Yukins*, 485 F.3d 364, 375 (6th Cir. 2007) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991)). The standard of review is therefore "very deferential" on claims regarding the admission of evidence in state court. *Hudson v. Lafler*, 421 F. App'x 619, 627 (6th Cir. 2011). An evidentiary ruling may violate due process only where it "is so egregious that it results in a denial of fundamental fairness." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). Whether an error in the admission of evidence "constitutes a denial of fundamental fairness turns upon whether the evidence is material in the sense of a crucial, critical[,] highly significant factor." *Brown v. O'Dea*, 227 F.3d 642, 645 (6th Cir. 2000).

The Michigan Court of Appeals determined that, while evidence of Petitioner's parole status should not have been admitted, the error was harmless:

7

> Defendant's parole status had no bearing on his guilt or innocence of any of the crimes charged and the trial court erred in equating defendant's prior felony conviction with his status as an active parolee. Nevertheless, any error did not result in prejudice to defendant. The parties entered into a stipulation at the close of proofs: "It is hereby stipulated and agreed between the parties that the defendant, Christopher Jackson, has previously been convicted of a specified felony. Pursuant to Michigan law, defendant is not eligible to possess or use a firearm in this state." Additionally, the trial court instructed the jury:
>
>> There is evidence that the defendant has been convicted of a crime in the past. You may consider this evidence only as to count 5, weapons firearms, possession by felon, only. You may not use it for any other purpose. A past conviction is not evidence that the defendant committed the alleged crimes in this case.
>
> Defendant's status as a parolee, therefore, did not come as a surprise to the jury and defendant fails to show how the error was outcome determinative.

*Jackson*, No. 314007, 2014 WL 1510152, at *2.

Petitioner fails to show that the alleged evidentiary error rose to the level of a federal constitutional claim warranting relief. As the state court of appeals observed, the trial court gave the jurors a cautionary instruction that they were to disregard Petitioner's parole status and could not consider it as evidence of Petitioner's guilt. A jury is presumed to have followed a trial court's instructions. *Weeks v. Angelone*, 528 U.S. 225, 234, 120 S. Ct. 727, 733 (2000). Under these circumstances, the Court holds the brief references to Petitioner's parole status did not render the trial fundamentally unfair.

## B. Jury Instructions

Next, Petitioner argues that the trial court erred in *sua sponte* instructing the jury on negligent discharge of a firearm, which was an uncharged, cognate lesser offense of second-degree murder. Respondent argues that this claim is procedurally defaulted because the Michigan Court of Appeals held that the claim was waived by counsel's affirmative agreement that the instruction was appropriate.

Federal habeas relief is precluded on claims that were not presented to the state courts in accordance with the state's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72, 85-87, 97 S. Ct. 2497, 2506-07 (1977). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, 315, 131 S. Ct. 1120, 1127 (2011) (internal quotations omitted). In this case, the state court applied the procedural rule of waiver, finding that the claim was not preserved for appellate review because counsel "explicitly supported the instruction." *Jackson*, No. 314007, 2014 WL 1510152, at *5. This rule is independent because "it does not rely on federal law" and adequate because waiver is "firmly established and regularly followed by

9

Michigan courts." *McKissic v. Birkett*, 200 F. App'x 463, 471 (6th Cir. 2006). Because the state court clearly and expressly relied on a valid state procedural bar, "federal habeas review of the claim[] is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750-51, 111 S. Ct. 2546, 2565 (1991).

Petitioner fails to assert cause for the procedural default. Thus, his claims are barred unless he can establish that a constitutional error resulted in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298 (1995). The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. *Id*. To make a showing of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." *Id.* at 327. Petitioner fails to present new, reliable evidence in light of which no reasonable juror would have found him guilty. Therefore, this claim is procedurally barred.

## V. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not

proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings provides that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will decline to issue a certificate of appealability.

## VI. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

Dated: October 13, 2015

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

**Copies to:**

**Christopher Jackson**, #253149
KINROSS CORRECTIONAL FACILITY
16770 S. WATERTOWER DRIVE
KINCHELOE, MI 49788

**Laura Moody, AAG**
**Bruce H. Edwards, AAG**